## Manayunk Trust Company v. Platt.

*Mortgage—Judgment—Opening judgment—Guardian ad litem—Notice.*

A judgment on a scire facias sur mortgage against the guardian ad litem of a minor who is the real owner, will not be opened merely because neither the minor nor his next of kin had notice of the application for the appointment of the guardian ad litem.

A motion to open a judgment being an appeal to the equitable powers of the court should be based on some equitable grounds shown. A mere technical irregularity not in any way affecting the merits or justice of the judgment, is not sufficient.

Argued March 23, 1908. Appeal, No. 380, Jan. T., 1907, by Andrew C. Kerr, Guardian of John W. Fitzpatrick, a minor, from order of C. P. No. 4, Phila. Co., June T., 1906, No: 3,469, discharging rule to open judgment in case of Manayunk Trust Company to the use of John W. Platt, Horace H. Platt and Frank M. Platt v. Ammon Platt, Mortgagor, Adolph C. Platt or Adolphus C. Platt, Trustee, Adolph C. Platt, Ella Cornman and Charles H. White, Guardian ad litem of Florence Cornman, F. Willard Cornman and John W. Fitzpatrick, minors, real owners. Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Rule to open judgment.

The only ground alleged for opening the judgment was that neither the minor nor his next of kin was served with notice of the application to appoint the guardian ad litem.

The court discharged the rule.

*Error assigned* was the order of the court discharging the rule.

*Henry A. Hoefler,* with him *Charles A. Chase,* for appellant.

*Melick, Potter & Dechert,* for appellees, were not heard.

PER CURIAM, May 11, 1908:

The motion to open a judgment being an appeal to the equitable powers of the court should be based on some equitable ground shown. In this case there was none. The judgment was regular on its face and not assailable at law. The only objection to it now set up is of technical irregularity not in any way affecting its merits or justice. The court was not called upon to intervene.

Judgment affirmed.